# United States District Court
# District of Massachusetts

James Dore

Counter-Claimant

v.

Defendants
New Sensations Incorporated
&
Copyright Enforcement Group LLC
1:12-cv-10944

## Plaintiff/Cross-Claimant's Official Complaint

### I. Introduction

1. This is a civil action seeking monetary, injunctive, and declaratory relief based on the improper conduct of defendants New Sensations Inc. and CEG in harassing the plaintiff and others like him by filing an obviously frivolous and fraudulent lawsuit against them.

### II. Parties

2. Plaintiff is named James Dore, is over the age of 18 and lives in the county of Essex, MA.

3. Plaintiff is informed and believes that New Sensations Incorporated is a company located at 21345 Lassen St., Chatsworth, CA 91311

4. Plaintiff is informed and believes that the Copyright Enforcement Group is a company that is located at 8484 Wilshire Boulevard,

Suite 220, Beverly Hills, California 90211.

### III. Jurisdiction

5. This action arises under the copyright laws of the United States 17 U.S.C. § 101 et. Seq

6. This court has personal jurisdiction over New Sensations because it has personally submitted itself to the jurisdiction of this court by filing an action on May 26, 2012, case number 1:12-cv-10944.

7. Due to New Sensations filing of action number 1:12-cv-10944 and its conduct, it has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who seeks such declaration from this court.

### IV. Venue

8. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. Section 1400(a) as New Sensations has claimed that plaintiff has infringed it's purported copyrighted work by downloading such work where he resides

9. Venue is also proper in the District of Massachusetts as New Sensations has consented to venue of this court by filing action number 1:12-cv-10944 in this district and by its conduct which has created an actual and continuing controversy within the court's jurisdiction such that the court needs to declare the rights and other legal relations of plaintiff who seeks such declaration from this court.

## V. Factual Allegations

### A. Present Action

10. On May 26, 2012 New Sensations filed a complaint for copyright infringement against 83 John Does, the case is assigned number 1:12-cv-10944 (hereafter present action).

11. New Sensations does not allege to have a valid copyright registration. New Sensations, in paragraph 8 of their complaint, alleges to have filed an application for copyright registration and have provided a copy of said application as Exhibit C to their complaint.

12. New Sensations, in their complaint asserts a number of questionable allegations such as "Swarm Joinder".

13. Plaintiff is informed that New Sensations allege that all defendants including plaintiff willfully violated New Sensations Copyright.

14. New Sensation alleges that file downloaded by all defendants in present action is one copy of their motion picture "Dirty Little Schoolgirl Stories 3"

15. New Sensations alleges that the hash mark 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 is the torrent file downloaded by all defendants in present action.

16. The Copyright Enforcement Group LLC (hereafter CEG), claims that New Sensations is a Client of theirs.

17. Jon Nicolini is the chief technician at the CEG

18. The CEG claims, under penalty of perjury, "CEG is in the

business of discovering infringements, and arranging for the enforcement, of the copyrights of its clients" (paragraph 3 of Exhibit A).

19. The CEG claims to have searched for file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83, downloaded it to their system, distributed the same file by "joining the swarm", and then tracks the IP addresses of anyone involved with the swarm (Paragraphs 21 – 26 of Exhibit A).

20. On February 14, 2012, New Sensations file action 1:12-cv-01168 against doe defendants. In that same action, New Sensations hired the CEG who, according to their own testimony, ensnared defendants using the same deceptive tactics that were used in this case (See attached observations). Wherefore, because it is a proven fact that new Sensations knew, prior to this action, that the CEG's method of entrapment required New Sensations to permit their motion picture to be reproduced in copies by the doe defendants it is thus a proven fact that New Sensations knowingly permitted their motion picture to be reproduced in this action and all actions subsequent to, and possibly including, action 1:12-cv-01168.

21. New Sensations, knowing they have no legal cause for action, made fraudulent declarations of injury before this court.

22. Plaintiff is informed, believes, and alleges that New Sensations' Attorney knowingly filed a fraudulent lawsuit with the intent to profit from New Sensations extortion/fraud.

### B. Questionable Allegations

#### 1. Willful Violations

23. Plaintiff repeats and reincorporates the allegations set forth in paragraphs 10 - 22 above.

24. New Sensations claims to be entitled to statutory relief under 17 USC section 504. Before New Sensations can be entitled to relief under this law, they must first show this court that they did not willfully allow defendants to reproduce their work.

25. New Sensations alleges that all violations to their purported copyright were willful, yet they declare in paragraph 8 of their own complaint that they have only filed an application for copyright registration. Wherefore, it is utterly impossible for New Sensations to factually allege a willful violation of copyright when, at the time of filing their present action, they still didn't posses valid copyright registration number.

26. New Sensations willfully and knowingly submitted a false allegation of "willful violations" before this court.

27. Plaintiff believes and alleges that New Sensations is aware that willful copyright violations greatly increase statutory damages to no more than $150,000 per infringement.

### B. Copyright Infringement

28. Plaintiff repeats and reincorporates the allegations set forth in paragraphs 10 - 27 above.

29. New Sensations alleges that each doe defendant has downloaded or uploaded at least one copy of their motion picture without their

consent.

30. File 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 was originally uploaded between January 29 and 30, 2012 (Exhibits B)

31. Plaintiff is informed, believes, and alleges that the CEG and New Sensations were aware of the file before 4:37AM on January 31, 2012 (Exhibit C).

32. According to the CEG's testimony, they first download a file and join the swarm before they start tracking supposed infringement.

33. CEG and New Sensations both allege that the file was downloaded/uploaded (here after: reproduced) by doe defendants without consent.

34. Plaintiff is informed, believes, and alleges that New Sensations and the CEG could have had file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 removed from the internet at any time before any of supposed infringements occurred.

35. Plaintiff is informed, believes, and alleges that any supposed infringement involving file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 was 100% preventable by New Sensations and the CEG.

36. Plaintiff is informed, believes, and alleges that New Sensations and the CEG willfully and knowingly allowed and continue to allow file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 to be reproduced by the general public. Wherefore, New Sensations and the CEG willfully and knowingly permitted such use of their motion picture. Plaintiff believes and alleges that their conduct is

proof of consent.

37. Plaintiff is informed, believes, and alleges that New Sensations willfully and knowingly declared falsely, unto this court, that they did not consent to the file being reproduced by the general public. (See: Plaintiff's Recorded Observations)

### C. New Sensations' use of Honey pots

38. Plaintiff repeats and reincorporates allegations set forth in paragraphs 10 – 37 above.

39. According to the CEG, they willfully and knowingly, as a business practice, "locate a torrent file relevant to a particular motion picture of one of our clients, download that torrent file to the System, and join the swarm associated with that torrent file on the Internet". After joining the swarm they track and record all acts of supposed "infringement" rather than preventing them all together.

40. CEG admits and describes with detail how they set up traps so that their clients can accuse individuals of copyright infringement.

41. Plaintiff is informed, believes, and alleges that the CEG willfully and knowingly engages in conduct that enables their clients to file bad faith copyright lawsuits. Plaintiff further alleges that it is CEG's intent to set up "honey pots" for its clients.

42. As shown in the attached observation and discussed in paragraph 21, New Sensations is fully aware that they allowed does to

reproduce their work in copies. Plaintiff alleges New Sensations permitted such with the purpose and intent of filing fraudulent claims and bad faith lawsuits for profit.

### D. Hardcore Pornography is, Constitutionally, not Protected by Copyright Law

43. Hardcore pornography is, in short, obscenity for the sake of obscenity.

44. To determine if "Dirty Little Schoolgirl Stories 3" is obscene, the court must apply the Miller obscenity test as ruled in MILLER v. CALIFORNIA, 413 U.S. 15 (1973)

45. The Miller Obscenity Test consists of three main questions: 1) Whether "the average person, applying contemporary community standards", would find that the work, taken as a whole, appeals to the prurient interest 2) Whether the work depicts/describes, in a patently offensive way, sexual conduct specifically defined by applicable state law 3) Whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.

"Prurient" meaning:

    1. Uneasy with desire; itching; especially, having a lascivious anxiety or propensity; lustful.

    2. Arousing or appealing to sexual desire.

    3. Curious, especially inappropriately so.

"Patently Offensive", meaning and including:

    1. "Representations or descriptions of ultimate sex acts normal or perverted, actual or simulated."

2. "Representations or descriptions of masturbation, excretory functions, and lewd exhibitions  of the genitals."
COMMONWEALTH vs. MARSHA J. PLANK. 378 Mass. 465 (1979) ruled that "the statutory definition of "sexual conduct" "includes only `hard core' sexual conduct as described in
Miller v. California, 413 U.S. 15, 25 (1973)"

1. An average person applying contemporary standards would find "Dirty Little Schoolgirl Stories 3", when taken as a whole, appeals to the prurient interest.

2. "Dirty Little Schoolgirl Stories 3" depicts sexual conduct in a patently offensive way.

3. "Dirty Little Schoolgirl Stories 3", taken as a whole, utterly lacks any serious literary, artistic, political, or scientific value.

Wherefore, according to the Miller Obscenity Test, "Dirty Little Schoolgirl Stories 3" is obscene within the legal meaning of "obscene".

46. Article 1, Section 8, subsection 8 of the U.S. Constitution grants congress the power "to promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries"

47. Obscene material that is obscene for the sake of being obscene is by no means a progression of science or useful art.

48. "Dirty Little Schoolgirl Stories 3" does not promote the progress of science

49. "Dirty Little Schoolgirl Stories 3" does not promote the progress of useful arts

50. "Dirty Little Schoolgirl Stories 3" is a film about six girls having explicit and gratuitous sex for the sake of having explicit, gratuitous sex.

51. As revealed by Exhibits D, New Sensations Incorporated is fully aware that their film is obscene within the very meaning of the word.

52. New Sensations Incorporated has full knowledge that "Dirty Little Schoolgirl Stories 3" does not meet the criteria for copyright as set forth by the U.S. Constitution

53. "Dirty Little Schoolgirl Stories 3" is not subject to copyright protection for all the reasons specifically stated above.

## VI. Plaintiff is not liable to New Sensations

54. New Sensations and the CEG willfully and knowingly allowed the distribution of the file with intent to use it as a "honey pot".

55. Although setting up honey pots is not illegal, it denotes consent by its very nature. One simply cannot allow the distribution of something and then claim that those it was distributed to did not have consent, the claim is contradicted by the conduct.

56. By New Sensations and CEG's own testimony, they allowed the file to be distributed with the purpose of ensnaring defendants, who reproduced it, in their trap.

57. New Sensations and the CEG are liable for 100% of all

preventable damages, which is, according to their records and evidence, 100% of all acts of supposed infringement.

58. New Sensations is using the results from the CEG's, whom they hired, trap to sue doe defendants Whereby, plaintiff believes and alleges that New Sensations is and was aware of CEG's intentions and willfully conspired with the CEG in their scheme. Since benefiting from their scam first required New Sensations to allow their file to be reproduced by all doe defendants, New Sensations has suffered no damages to any supposed copyrights. New Sensations is aware of this fact, which has already been proven as fact, and has knowingly submitted falsified testimony before this court.

59. Because hardcore pornography is not protected by copyright, none of the doe defendants are liable to New Sensations for infringement.

## VII. Actionable Causes of Harm

### A. Knowingly Filing a Frivolous Lawsuit

60. Plaintiff is informed, believes, and alleges that New Sensations Incorporated (hereafter: defendant) knowingly filed a lawsuit for copyright infringement without first having a valid copyright registration.

61. Plaintiff is informed, believes, and alleges that defendant willfully and knowingly allows the file to still be reproduced by users P2P software such as Bit torrent.

62. Plaintiff is informed, believes, and alleges that New Sensations willfully permitted the reproduction of its motion picture for the

purpose of filing bad faith lawsuits.

63. Plaintiff is informed, believes, and alleges that the CEG willfully and knowingly aided New Sensations in knowingly filing a frivolous lawsuit by setting up and monitoring a trap for New Sensations.

64. Plaintiff is informed, believes, and alleges that defendant knowingly allowed does to reproduce their motion picture with intent to maliciously file frivolous and fraudulent lawsuits.

65. Plaintiff is informed and believes that defendant is aware of the fact that "Dirty Little Schoolgirl Stories 3" is an obviously obscene film.

66. Plaintiff is informed, believes, and alleges that defendant knew prior to filing lawsuits that the claimed "infringement" was 100% preventable.

67. Plaintiff believes and alleges that based on defendant's past conduct and by common occurrence of similar lawsuits that defendant has no real intention of pursuing lawsuit.

68. Plaintiff is informed, believes, and alleges that the defendant is fully aware of the embarrassing nature and social stigmas of being connected with hardcore pornography.

69. Plaintiff believes and alleges that defendant is using embarrassing nature of the film to coerce settlements from innocent defendants who fear exposure and embarrassment.

70. None of New Sensations' cases, that have thus far been terminated, have made it to trial. Each case has either been

dismissed voluntarily by New Sensations or for improper joinder or for improper service, or for filing the action as a social security action.

71. In all cases, defendants who were dismissed from case without prejudice were not pursued. In fact, one defendant was dismissed for failure to serve process altogether.

72. In case 3:10-cv-05863, New Sensations entered into settlements with 82 out of 1745 defendants before dismissing all other defendants voluntarily and without prejudice. (Exhibit E)

73. In case 5:10-cv-05864, later refiled as 4:11-cv-02835, New Sensations entered into a settlement with 1 out of 1768 "doe" defendants. Does 3 – 1768 were dismissed for improper joinder. The court ordered New Sensations to properly serve the remaining defendant, of which New Sensations refused to do; the court dismissed the case in its entirety. (Exhibit F)

74. In case 3:11-cv-02770, court dismissed entire case, without prejudice, for improper joinder, case 3:11-mc-00094 was dismissed for the same reasons. (Exhibit G)

75. New Sensations has not pursued any defendant who has been dismissed without prejudice, whereby plaintiff is informed, believes, and alleges that New Sensations does not have any real intention in pursuing legal action.

76. New Sensations' attempt at "swarm" joinder has notably and legally deemed inappropriate. Plaintiff is informed and believes that based on New Sensations' past conduct, New sensations knows

that joinder is inappropriate based on the "swarm" theory and still willfully and knowingly attempts to unlawfully convince courts to join defendants to avoid paying filing fees.

77. Plaintiff is informed, believes, and alleges that New Sensations willfully attempted and continues to attempt to inappropriately join defendants to avoid paying over $1,000,000 in filing fees to the U.S. Court System. Plaintiff is informed and believes that new Sensations has avoided $28,700 in filing fees in this case alone, without intending to seriously pursue litigation.

### B. Abuse of Process

78. Abuse of Process is defined as: the use of legal process by illegal, malicious, or perverted means. Examples include filing a lawsuit which has no basis at law, but is intended to get information, force payment through fear of legal entanglement or gain an unfair or illegal advantage."

79. Plaintiff repeats allegations set forth in above paragraphs 60 – 77.

80. Plaintiff is informed, believes, and alleges that defendant alleges copyright infringement against downloaders of file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83; a file defendant allows remaining active, accessible, and usable.

81. Plaintiff is informed, believes, and alleges that defendant willfully and knowingly filed lawsuits without intent to pursue judgment.

82. Plaintiff is informed, believes, and alleges that defendant's

sole purpose of filing lawsuit was to scare/intimidate/coerce innocent defendants in present and related actions into settling for thousands of dollars.

83. Plaintiff is informed, believes, and alleges that defendant's past conduct reveals its intent to continue using the courts to blackmail/extort money from people until its scam is no longer profitable.

84. Plaintiff believes and alleges that defendant is harassing all defendants indiscriminately for money.

85. Plaintiff is informed, believes, and alleges that defendant CEG willfully and knowingly aided in New Sensations in the allegations set forth in above paragraphs 60 - 84.

### C. Harassment

86. Plaintiff repeats allegations set forth in above paragraphs 60 - 86

## VIII. Damage Caused

87. Plaintiff is on disability for Post Traumatic Stress Disorder.

88. Plaintiff is not normally prone to anxiety attacks, long bouts of depression, loss of appetite, suicidal thoughts or feelings, self destructive thoughts or emotions, or extreme feelings of worthlessness or periods of excessive stress or anxiety.

89. As a direct result of defendant's actions, plaintiff has suffered: anxiety attacks, loss of sleep, loss of appetite, nightmares, abnormal depression, periods of excessive stress, and periods of excessive anxiety.

90. As a direct result of defendant's actions, plaintiff has experienced: extreme feelings of worthlessness, severe humiliation and embarrassment, feelings and thoughts of suicide, self destructive thoughts and emotions, and fear of $150,000 judgment against him.

91. As a direct result of defendant's actions, plaintiff has suffered great and potentially ruinous damage to his current relationship.

92. As a direct result of defendants' actions, plaintiff has not had the opportunity to mourn the recent loss of his grandfather, of whom he was very close to (Exhibit H).

93. To argue against defendant's claims, plaintiff feels he is required, due to the nature of defendant's initial allegations, to humiliate himself before this court, even as a "doe".

94. Plaintiff's claimed damages are a direct result of defendant's frivolous and malicious actions. Defendants have done such against plaintiff, and other does, with the intention of causing such harms to coerce settlements and extort money. Defendant New Sensations maliciously filed frivolous lawsuit against plaintiff and other does with reckless disregard to plaintiff's condition. Defendant New Sensations is aware that their lawsuit is frivolous within the meaning of the word; defendant's past conduct reveals such allegation to be factual.

95. Plaintiff understands that stress and anxiety are normal experiences during the course of litigation. However when a party,

such as New Sensations, files a lawsuit with intent to inflict such stresses and anxiety on defendants, for the purpose of intimidating defendants, coercing settlements, and otherwise to harass defendants, the stress, anxiety, and other destructive emotions are product of the party's (New Sensations') malice and unlawful conduct.

96. Plaintiff is informed, believes, and alleges that CEG willfully and knowingly aided New Sensations in inflicting damages upon all defendants.

## IX. Relief Sought

97. Monetary Relief – For the defendant New Sensations knowingly filing a frivolous lawsuit, in bad faith, and knowingly filing false allegations and for defendant CEG's knowingly aiding in such, Plaintiff prays for $150,000 in emotional damages, damages to his relationship, preventing healthy mourning of a loved one, forced embarrassment before the court, humiliation before his peers, and to cover costs.

98. Declaratory Relief – Plaintiff prays for the court to affirm and reaffirm that obscene films, that are deemed obscene within the standard set forth by Miller v. California, are not protected by copyright laws since obscene films (such as hardcore pornography) do not "promote the Progress of Science and useful Arts" (Id. Article 1, section 8, subsection 8). With it, also dismissing the defendant's complaint with prejudice.

99. Injunctive Relief – Because defendant willfully and knowingly

allows file 022aab5cffdc7d012751cbb0f0c62f2dbec29a83 to remain active and available to be reproduced in copies by the general public, the plaintiff prays for the court to dismiss the defendant's complaint in its entirety and with prejudice.

100. Injunctive Relief - Because defendant willfully and knowingly falsified allegations to inflate potential profits and to establish fraudulent grounds for lawsuit, Plaintiff prays for dismissal of defendant's complaint with prejudice.

101. Injunctive Relief - plaintiff prays that the court issue a statement to the courts handling cases 1:12-cv-03535, 8:12-cv-01291, and 1:12-cv-00157 advising or requesting dismissal of those cases, with prejudice, for the same reasons stated in this complaint.

102. Injunctive Relief - for improperly joining all doe defendants and since there are many other causes that warrant dismissal, with and without prejudice, Plaintiff prays that the court seek sanctions against the defendant in the amount of filing fees the defendant falsely and improperly attempted to avoid ($28,700).

103. Injunctive Relief - for knowingly filing a lawsuit in bad faith, Plaintiff prays that the court dismiss the defendant's complaint with prejudice.

104. Injunctive Relief - Because defendant does not intend to follow through with litigation and is only using the court to threaten, intimidate, harass, and embarrass doe defendants into settlements, (defendants litigation history shows this as factual), Plaintiff

prays that the court dismiss the defendant's claim with prejudice.

105. Injunctive Relief - Because defendant has made at least 9 false declarations of harm before the federal court system in t least 9 different lawsuits, plaintiff prays that court issues an order against New Sensations preventing them from further filing any more copyright infringement lawsuits instead of prosecution for knowingly submitting false or fraudulent declarations before the courts, which is a criminal act under 18 USC CHAPTER 79.

7/26/12

*[signature]*

# United States District Court
# District of Massachusetts

James Dore

Claimant

v.

Defendants
New Sensations Incorporated
and Copyright Enforcement Group

1:12-cv-10944

## Certificate of Service

I hereby certify that I have mailed to the defendants a copy of the enclosed complaint and all attached documents on this day 7/26/12

*[Signed: James Dore]*