UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NEW SENSATIONS, INC.,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DOES 1 – 80,**<br><br>*Defendants.* | *Case No.:* **1:12-cv-10944** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS FOR SANCTIONS UNDER FED. R. CIV. P. 11(c)(2)**

Plaintiff responds to Motions for Sanctions under FED. R. CIV. P. 11(c)(2) ("Motions") submitted by Doe 38 and 64 and respectfully request that Motions be denied in its entirety. The Motion is without merit, is procedurally improper, and is based on a misunderstanding of Fed. R. Civ. P. 11.

### INTRODUCTION

On October 1, 2012, Doe 64, and on October 2, 2012, Doe 38, without first conferring with Plaintiff's counsel, filed a Motions for Sanctions under Fed. R. Civ. P. 11(c)(2). The Motions seek sanctions against Plaintiff's counsel for absence of Counsel at a motion hearing, September 13, 2012.

### ARGUMENT

I.   **MOTIONS SHOULD BE DENIED BE CAUSE THEY WERE PROCEDURALLY IMPROPER.**

A motion for Rule 11 sanctions is barred where the moving party fails to provide the other party with a 21-day window within which to withdraw allegedly offending papers. *See*

FED. R. CIV. P. 11(c); *Martins v. Charles Hayden Goodwill Inn Sch.*, 178 F.R.D. 4, 7 (D. Mass. 1997) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995); *Weeks Stevendoring, Co., Inc., v. Raymond Int'l Builders, Inc.*, 174 F.R.D. 301 (S.D.N.Y.); *Photocircuits Corp. v. Marathon Agents, Inc.*, 162 F.R.D. 449, 451-52 (E.D.N.Y. 1995)). As neither Doe 38 nor Doe 65 made an attempt to serve the Motions upon Plaintiff's counsel, or even to confer with Plaintiff's counsel, prior to filing the Motions, the Motions should be denied as improper.

## II. THERE IS NO BASIS IN LAW OR FACT FOR DEFENDANT'S MOTION.

Does argue that Plaintiff's counsel should be sanctioned for being in absentia at a motion hearing.

The Motions, however, do not - and could not - cite any authority for the proposition that an attorney who is absent for a motion hearing is subject to Rule 11 sanctions. Further, Rule 11 deals with pleadings, written motions, or other papers, not fees incurred as a result of hearing.

Along with the Motions being procedurally improper and the misapplication of Rule 11, the fees are not allowable. Importantly, absence of Counsel was not intentional — Counsel was not acting in vexatious and unreasonable manner.

Doe 64 requests $650 for preparation of his motion, $200 for the Court appearance, and $51 for travel expenses. Regarding preparation of his motion and his Court appearance, Doe 64 does not detail what these fees are for. If Doe 64 is charging for his time, this fee is not allowable. Doe 64 is pro se, also not an attorney, and therefore is not able request fees for his time. There was no fee incurred as result of Plaintiff's Counsel's failure to appear. Fees may be allowable (in other sanction statues) "for which the other party has become contractually liable because of the attorney's unreasonable and vexatious conduct." *Dixon v. Comm'r*, 132 T.C. 55, 77 (T.C. 2009). Doe 64 also does not detail his request travel fees.

Similarly, Doe 38 does not detail travel costs. Doe 38 also requests preparation for a

Motion to Compel, when there is no Motion to Compel on the docket. Further, Doe 38's fees for his Court appearance would be covered in an attorney fee award at the end of the case.

## **CONCLUSION**

For the above reasons, Plaintiffs ask the Court to deny Motions for Rule 11 Sanctions.

Dated: October 17, 2012,

Respectfully submitted,

*/s/ Marvin Cable*

Marvin Cable, BBO#:  680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2012, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

*/s/ Marvin Cable*
Marvin Cable, Esq.