# United States District Court
# District of Massachusetts

**New Sensations Inc.**
**Plaintiff/Counter Defendant**

v.

**Doe 64**
**Defendant/ Counter Claimant**
1:12-cv-10944 _FDS

## Doe 64's Reply to Marvin Cable's Opposition to the Requests for Sanctions/Costs

### Introduction

Mr. Cable has no standing to request a denial of sanctions or costs against him. Mr. Cable is yet to assert good cause for his failure to appear before the court on that day, Rule 11 sanctions are permitted against representations that are presented to cause undue delays or any other such improper purposes.

### Arguments

#### Doe 64 had Good Cause to Serve Motion To the Court and to Mr. Cable at the same time.

Mr. Cable has not acted with good faith at any point during litigation. Without going in to the list of conduct that quite a few attorneys have been complaining about and reiterating the fact that no copyright infringement occurred but Mr. Cable filed the lawsuit anyway, Mr. Cable has given opposing parties little reason to trust

him. How can anyone confer with him in good faith when he acts only in bad faith? It simply isn't possible.

Furthermore, his opposition to our motions has already caused undue delay that cannot be corrected except by compensation or by withdrawing his oppositions. By complaining that the service is improper, Mr. Cable is implying an intent to withdraw his pleadings. The only grounds that should warrant the denial of sanctions for Mr. Cable's conduct is on the grounds that Does 64 and 38 are allowed to proceed at the hearing unopposed. The rule implies that service to the offending party required "if the challenged paper, claim, defense, contention, or denial is withdrawn...within 21 days after service". Since he has failed to withdraw the offending oppositions and is still yet to withdraw his oppositions, his claim for relief based on improper service is rendered moot by his own inaction.

Frankly I find it astonishing that he would complain to the court for a denial of sanctions on the basis that he didn't get a fair chance to withdraw his opposition. This also raises serious questions of whether or not Mr. Cable will withdraw his opposition to our motions or whether or not his oppositions hold any merits at all. Since there are no other available remedies aside from monetary sanctions or withdrawing his oppositions, Mr. Cable Does not have any reasonable grounds to complain about sanctions or service if he has no intention of withdrawing his oppositions, which the only other available remedy.

## Rule 11 is Applicable to a Motion Hearing Which is Scheduled As a Result of Mr. Cable's Pleadings

Mr. Cable wishes this court to adopt for him a very narrow reading of Rule 11. Although the matter does arise out of a failure to appear at a hearing it is more specific to the context of that hearing. The hearing scheduled for 9/13 was a motion hearing that ultimately would have resulted in a ruling on said motions. His failure to appear at said hearing and lack of good cause for his failure denotes that his pleading was filed to cause undue delay to this case, of which it did. We, the defendants would have been able to obtain a just and speedy ruling should Mr. Cable have not filed any opposition, however by filing opposition to our motions and then failing to appear at the resulting hearing, Mr. Cable has prevented a just and speedy ruling thus causing an undue delay.

Rule 11 b(1):

"(b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"

By presenting opposition (a pleading) to our motions, Mr. Cable

certified that it was not to cause undue delay, and yet he failed to appear at a hearing on his opposition and caused undue delay. Whereby Mr. Cable has no standing to challenge rule 11 sanctions on the basis that a motion hearing is not a motion because the fact that he failed to appear at a motion hearing is irrelevant in terms of rule 11, judgment on the defendants motions was delayed as a result of failing to appear, thus his pleading has factually caused undue delay, thus the point in question still favors sanctions under this rule.

### Mr. Cable's opposition to Sanctions is Barred by Estopple

On September 13, honorable Judge Bowler declared that because of Mr. Cable's failure to appear the hearing on the motions could not proceed. Normally, when a party who opposes a motion fails to appear for a hearing, a ruling by default favoring the moving party is entered. However, since our motions to quash and dismiss were in opposition to Mr. Cables motion for early discovery, he was technically the moving party.

If he didn't file any oppositions to the motions to quash and/or dismiss, the defendants would have been able to obtain a swift and just dismissal without the need of for a hearing. Since Mr. Cable did file oppositions, the court sought a hearing on these motions as a result thereof, of which Mr. Cable failed to appear at.

Here's where estopple comes into play: 1) the court recognizes the inability to proceed as a result of Mr. Cable's failure to appear; 2) the court recognizes Mr. Cable's failure to appear has caused delay until October 25th; 3) Mr. Cable has failed and refused

to show any good cause for him failing to attend the hearing. These three facts prevent Mr. Cable from arguing against the applicability of Rule 11. Since the court itself already recognized that Mr. Cable has caused a delay, on for which there is no good cause (in other words "undue"), a mere denial stating that the failure to appear was not intentional is not sufficient to overturn or deny sanctions because the facts outweigh empty words.

### Mr. Cable is Confusing "Fees" with "Compensation"

I know this may sound petty but Mr. Cable alleges that I am unable to charge for time, well that is true, however I am not charging for time spent, that's for attorneys to do, I'm requesting compensation for time and hours of my life wasted by Mr. Cable. $200 is a very humble amount coming from someone who values their life, precious hours of which he has caused to go to waste, which was not by my own choosing. I chose to appear before a court to defend my claims, unlike a certain attorney representing the plaintiff. He has wasted those hours of my life, hours I will never be able get back, so why shouldn't I be entitled to compensation for my time spent at a hearing which could not proceed because of him?

Also the court can simply award the requested $200 as punitive or exemplary sanctions to further remind Mr. Cable to appear at future hearings. So whether or not I can recover for time lost is at the sole discretion of the court.

**Mr. Cable has no Good Cause for Failing to Appear at the Hearing**

On October 5th, Mr. Cable declared to Judge Sorokin that he only checks his E-mail once a week. Assuming this is true and considering that the order scheduling the hearing for September 13 (which was a Thursday) was entered on August 28 (which was a Tuesday) Marvin Cable had 14 days (Wednesday Aug 29 - Wednesday Sept 12) to find out about and prepare for the scheduled hearing. Of that 14 days, he would minimally have up to 8 days to prepare if he was checking his e-mail on a weekly basis. The fact that since his failure to appear Marvin Cable has made no attempt to show this court good cause for his failure to appear at the hearing is evidence that he knew about the hearing and simply chose not to appear. Even in his opposition to sanctions, he refuses to show the court that he had good cause for failing to appear, all he does is claim that his failure wasn't intentional. His claims are not sufficient to show good cause, thus Mr. Cable has no grounds on which to challenge allegations of filing pleadings to cause undue delay.

**Mr. Cable Forgets that Appropriate Sanctions can be Awarded By The Court Solely On its Own Discretion and independently From Rule 11**

Frankly the title says it all. The court, if it so chooses, can award us the sanctions requested on its own discretion. Considering that the court was merciful towards the plaintiff by not dismissing the action or permitting the defendants to proceed unopposed, the monetary sanctions requested are not unreasonable and can be awarded as a result of Mr. Cable's conduct at the sole discretion of the

court.

### Mr. Cable Implies a Desire to Withdraw his Opposition to Doe 64's and Doe 38's Motions to Quash and Dismiss

Rule 11 sates that a motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service..." Since the matter for sanctions is on the basis that the opposition filed by Mr. Cable was intended to cause undue delay and that such delay did occur, Mr. Cable is unable to "appropriately correct" the delay caused. This leaves Mr. Cable only one option for claiming a right to relief and that is, as it is clearly written, a complete withdrawal of his oppositions to our motions.

In opposing sanctions on the grounds of "improper service" Mr. Cable implies to the court that his oppositions were in fact to cause undue delay or are otherwise meritless. The only way he can challenge the service of the motions is if he, sua sponte, withdrew his oppositions and then filed an opposition. Since he has not withdrawn his oppositions to our motions, the court should only consider denying sanctions on the grounds that the court strikes Mr. Cable's oppositions to our motions. After all, by raising the argument this is exactly what he is implying.

As shown earlier, Mr. Cable is unable to shake the proper application of Rule 11 or discretionary sanctions. The only way for Mr. Cable to avoid sanctions is to withdraw his own oppositions.

Seeing as he's already implying before this court that he knows his oppositions were improper and only to cause undue delay and has implied a desire to withdraw his oppositions, he has given the courts no justifiable grounds to deny sanctions against him.

### Conclusion: Two Roads, No Turning Back

Mr. Cable's opposition to sanctions has forced himself into an interesting crossroad with only two paths. Down one path, Mr. Cable accepts sanctions and proceeds to defend his opposition; and down the other, Mr. Cable avoids sanctions by withdrawing his oppositions. He is metaphorically shooting himself in the foot, however which foot is largely up to him, either way his choice won't be pleasant but that isn't for the court to help him with, after all he chose to shoot himself in the foot. To be frank, it is high time that Mr. Cable pull up his big boy pants and accept some personal responsibility for his actions.

Mr. Cable is factually unable to shake the appropriate applicability of Rule 11 sanctions or discretionary sanctions. Mr. Cable has refused to show the court good cause for his failure to appear before the court on September 13. Mr. Cable contends that service of sanctions was improper however the service of the motion unto the court is only improper "if the challenged paper, claim, defense, contention, or denial is withdrawn...within 21 days", a defense that can only be raised if Mr. Cable is choosing to withdraw his oppositions to our motions. By now, Mr. Cable has had 21 days and has failed/refused to withdraw his oppositions and thus has no

grounds for sanctions

## Relief Sought

For the Foregoing reasons, Doe 64 requests one of the following forms of relief:

1) the court allows defendants' motions for sanctions and allows plaintiff to oppose Doe 64's and 38's motions to quash and dismissing.

2) The court deny defendant's motions for sanctions and strike as meritless plaintiff's oppositions to Doe 64's and 38's motions to quash and dismiss.

3) Mr. Cable voluntarily withdraw his own oppositions to Doe 64's and 38's motions to quash and dismiss and defendants voluntarily withdraw request for sanctions as moot.

I ask that the form of relief determined be determined before the hearing on the 25th, I understand it may seem short notice but Mr. Cable implying that he wants to with draw his oppositions, and following through with such, will have a serious impact on course of that motion hearing.

Respectfully,
James Dore
10/19/2012

# United States District Court
# District of Massachusetts

## New Sensations Inc.
## Plaintiff/Counter Defendant

v.

## Doe 64
## Defendant/Counter Claimant
## 1:12-cv-10944

### Certificate of Service

I hereby certify that on  10/20/12  a copy of the attached opposition was sent to Plaintiff's counsel.

James Dore

*/s/ James Dore*